John L. Smaha, Esq., Bar No. 95855
Gustavo E. Bravo, Esq., Bar. No. 218752
John Paul Teague, Esq., Bar No. 254249
**SMAHA LAW GROUP**
7860 Mission Center Court, Suite 100
San Diego, California 92108
Telephone:   (619) 688-1557
Facsimile:    (619) 688-1558

Attorneys for Debtor, PB Redell, Inc.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PB REDELL, INC.<br><br>                      Debtor. | CASE NO. 12-15328-MM11<br><br>Chapter 11<br><br>**MOTION FOR ENTRY OF ORDER ON INTERIM COMPENSATION PROCEDURES; DECLARATION OF JOHN L. SMAHA FILED IN SUPPORT THEREOF**<br><br>Date: N/A<br>Time: N/A<br>Dept: 1; Room: 218<br>Judge: Hon. Margaret M. Mann |

      PB Redell, Inc., as Debtor and Debtor-in-Possession herein (the "Debtor"), respectfully move for an order establishing interim compensation procedures in compliance with the Local Bankruptcy Rules and Appendix D5 thereof:

      1.    On November 19, 2012, the Debtor commenced the above-captioned Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of California.

      2.    Pursuant to the "Guidelines for Establishing Interim Compensation Procedures for Professionals" set forth in Appendix D5 of the Local Rules of the United States

Bankruptcy Court for the Southern District of California (the "Bankruptcy Court"), the Debtor respectfully requests that the Court enter an order establishing procedures for the monthly payment of fees and reimbursement of expenses consistent with Appendix D5 and *Knudsen Corp v. U.S. Trustee* (9th Cir. B.A.P. 1988) 84 B.R. 668.

3.  Professionals can be compensated in accordance with monthly payment procedures without a bankruptcy court's prior allowance of the professional's fees and costs. (*In re Knudsen*, supra, 84 B.R. 668.) In *Knudsen*, the Ninth Circuit Bankruptcy Appellate Panel (the "BAP") reasoned that, since Section 328(a) of the Bankruptcy Code allows a bankruptcy court to authorize professionals to receive as compensation a retainer, which contemplates payment of a lump sum at the beginning of a case or periodically thereafter, "[i]t makes little sense that the court could allow payment of a lump sum or periodic retainer before fees are earned, but not after." (*Id.* at 671.) The circumstances under which such arrangements may be approved, as articulated by the BAP, are as follows: (1) the case is unusually large or an exceptionally large amount of fees accrue each month; (2) waiting an extended period of time for payment would place an undue hardship on the professional; (3) any funds paid but later disapproved by the court can be recovered from the professional; and (4) the fee retainer procedure is subject to a noticed hearing prior to any payment. (*Id.* at 672–673; see also *In re Bennett Funding Group, Inc.* (Bankr. N.D. N.Y. 1997) 213 B.R. 227, 232–233 & fn. 6 (adopting *Knudsen* factors); *In re W & W Protection Agency, Inc.* (Bankr. S.D. OH 1996) 200 B.R. 615, 620–612 (same); but see *In re Truong* (Bankr. D. NJ 2001) 259 B.R. 264, 267–268 (finding *Knudsen* criteria "too restrictive").) The Ninth Circuit Bankruptcy Appellate Panel concluded that the Code did not bar paying professionals prior to application and court approval, so long as their fees were subject to repayment if the court so ordered after reviewing the application and holding a hearing.

4.  The underlying problems acknowledged by the BAP in *Knudsen* was that requiring counsel to wait an extended period for payment, counsel is essentially compelling counsel to finance the reorganization. (*In re Knudsen*, supra, 86 B.R. at 672.) The BAP stated that such a result is improper and "may discourage qualified practitioners from

participating in bankruptcy cases; a result that is clearly contrary to Congressional intent. [Internal quote omitted]." (*Id.*) Here, the applicant, acting as both bankruptcy and litigation counsel, believes that its request to establish procedures consistent with those set forth in Appendix D5 is necessary to keep reasonably current with its own cash flow needs, and that the procedure is a routine and appropriate request for debtor's counsel in a case like this and is consistent with the BAP's decision in the *Knudsen* case.

5. The applicant, the Smaha Law Group, APC ("Your Applicant"), has been approved as bankruptcy counsel on January 2, 2013. (Docket Entry No. 28). Although this Chapter 11 case is not exceptionally large in terms of numerosity of creditors or claims, the Debtor's case is complex in that the structure of the business is complicated and there is potential for contentious litigation of claims, as litigation is already pending against related entities and insiders. Your Applicant anticipated significant fees will accrue for legal services related to the Debtor's business operations and compliance issues. Even if the Debtor's case is not as large as the *Knudsen* case, that should not preclude Your Applicant from being able to receive monthly payment under the procedure outlines in the Local Bankruptcy Rules. (See *In re Lotus Properties LP* (Bankr. C.D. Cal. 1996) 200 B.R. 388, 397-398 (the "message" behind *Knudsen* is satisfied by allowing counsel to obtain monthly post-petition payments, notwithstanding the fact that the size of the case is not exceptionally large.) Similarly, in *In re Jefferson Business Center Associates*, the bankruptcy court stated:

> While it is often the case that post-petition retainers and the ability to draw against such retainers are granted in large bankruptcy cases, and usually to large law firms, this Court sees no reason to treat smaller law firms any differently where the facts and circumstances of the case warrant the payment of a post-petition retainer. A smaller law firm can and often does face the same, or perhaps greater, burden, costs, inconvenience, and financial strain, as does a larger firm if it is unable to receive a retainer. A small firm should not be treated any differently, as long as it meets all of the criteria referenced above."

6. Requiring Your Applicant to wait an extended period of time until it is authorized to drawn down upon any retainer, or otherwise receive payment, would cause undue financial hardship to Your Applicant, which anticipates that it will be required to devote significant time to assisting the Debtor to reorganize its financial affairs, and

potentially defend the Debtor in litigation. Establishing procedures for the monthly payment of fees and reimbursement of expenses (subject to relevant guidelines) would address Your Applicant's cash flow needs without prejudicing other parties in interest in this case.

7. Appendix D5 is expressly provided in the Local Bankruptcy Rules as guidelines "to assist professionals in obtaining orders setting forth procedures for interim compensation if the standards in *Knudsen* are met, and as long as the motion to approve interim compensation procedures describes in detail the proposed procedures. To that end, the Debtor proposes to strictly comply with the guidelines provided in Appendix D5, although all fees and costs paid under this procedure are subject to disgorgement when the professionals' fee applications are filed and reviewed by the court. The bankruptcy court retains the power to order whatever repayment is necessary when the final allowance under 11 U.S.C. § 331 is made. As stated in Appendix D5, the Bankruptcy Court will generally approve interim procedures which meet the following terms:

    a.    Provide for the monthly payment of fees and reimbursement of expenses (subject to the other guidelines set forth herein).

    b.    Require service of copies of the invoices for which fees and costs are requested on the debtor, the United States Trustee, all official committees (or, if none appointed, the 20 largest unsecured creditors), and parties requesting special notice.

    c.    Provide those served in the preceding provision with an opportunity to object within ten (10) days after the service of the invoices by notifying the applicant in writing and setting forth the specific grounds for the objection.

    d.    Provide the applicant with the option to either request a hearing on the objection or hold back the amount of fees and/or expenses that are the subject of the objection until the hearing on the application for interim compensation.

    e.    Provide for an award of 80% of the fees requested with a hold-back of 20% of such fees and for an award of 100% of expenses; provided that the 20% holdback of fees may include any fees to which an objection was raised.

    f.    Require that an application for an interim award of compensation and expenses, in compliance with applicable federal and local bankruptcy rules and the Guidelines of the Office of the United States Trustee for the Southern District of California, be filed with the court and noticed for hearing in accordance with Local Bankruptcy Rule 2002-3 approximately once every 120 days.

    g.    State that neither the United States Trustee nor any party in interest shall be barred from raising objections to any charge or expense in any professional fee application filed with the court on the ground that no objection was raised with respect to the invoice.

    h.    Provide that if the applicant fails to comply with the 120-day fee application procedure set forth above, said applicant shall not be entitled to continue to utilize the interim fee compensation procedure previously approved.

8.    Your Applicant requests that any order provide for these requirements, with notice to creditor of their opportunity object. Thus, an automatic holdback of 20% of each months fees would apply and the parties receiving the monthly statements would be provided an opportunity to object. Moreover, Your Applicant would be able to respond to any reassessment of fees ordered by the Court.

9.    As set forth in the declaration of John L. Smaha, Esq., Your Applicant will respond to any order entered by this Court disallowing any fees or expenses incurred by Your Applicant during the pendency of this case. Your Applicant has the ability to respond to any such reassessments of allowed fees. Mr. Smaha has been a practicing bankruptcy lawyer in Southern California, specializing in Chapter 11 cases, for over 30 years, and Your Applicant has operated continuously in San Diego since March 1984. Mr. Smaha, Your Applicant's founding and managing partner, will be lead counsel for the Debtor, and he has thirty (30) years of experience in representing Chapter 11 debtors, during which time he has represented hundreds of Chapter 11 debtors. Your Applicant has never been unable to respond to any court-ordered reassessments of its fees. Your Applicant understands that its ultimate compensation in this case is subject to the provisions of Sections 330 and 331 of the Bankruptcy Code, and is prepared to respond to any such reassessment. In short, Your Applicant's longevity and financial stability attest to the fact that it will be able to respond to any Court-ordered reassessment of fees in this case.

10.    As evidenced by the proof of service submitted concurrently herewith, Your Applicant has served this Application and the notice of hearing on the U.S. Trustee, all creditors and equity holders, the Debtor, and parties requesting special notice in accordance with Local Bankruptcy Rule 2002-3.

WHEREFORE, Debtor prays to be authorized pursuant to Appendix D5 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of California to establish interim compensation produces for the Smaha Law Group, APC.

Dated: March 19, 2013

/s/ John L. Smaha
John L. Smaha, Esq.
*Attorneys for Debtor and Debtor-in-Possession,* PB Redell, Inc.

W:\EDWARDS\P.B. Redell\PB Redell BK\Fee Application\Knudsen Application\101.App.Fee Procedures.wpd